UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAD JASON HYDE,

    Plaintiff,

v.

                              Civil Action 2:15-cv-176
                              Judge Michael H. Watson
                              Magistrate Judge Elizabeth P. Deavers

OFFICER JEFF MCALLISTER, *et al.*,

    Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Tad Jason Hyde, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against a number of Defendants, challenging alleged prison policies and asserting medical indifference, retaliation, and due process claims. (ECF No. 7.) This matter is before the Court for consideration of Plaintiff's Motion to Add Defendants in which he seeks leave to amend his Complaint to add official capacity claims against Gary Mohr and the Ohio Department of Rehabilitation and Correction. (ECF No. 8.) This Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 15(a).

This matter is also before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth

below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's due process and retaliation claims that are premised upon the filing and processing of a conduct report. It is further **RECOMMENDED** that the Court direct the Clerk to terminate Nurse Gertrude as a Defendant in this action and that Plaintiff be permitted to proceed on his remaining claims.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

---

[1] Formerly 28 U.S.C. § 1915(d).

2

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

3

**II.**

As a threshold matter, it is **RECOMMENDED** that the Court direct the Clerk to terminate Nurse Gertrude as a Defendant in this action. Plaintiff named Nurse Gertrude as a Defendant in his original Complaint, but does not include her as a Defendant or otherwise mention her in his Amended Complaint. It is further **RECOMMENDED** that the Court **DISMISS** Plaintiff's due process and retaliation claims that are premised upon the filing and processing of a conduct report.

Although Plaintiff's Amended Complaint lacks clarity, he appears to allege that after observing medication residue on his tongue, Defendant McAllister filed a "bogus conduct report" against him alleging that he was abusing his medication. (Am. Compl. 5, ECF No. 7.) Plaintiff alleges that Defendant McAllister filed the false conduct report to retaliate against him for expressing his intent to file a grievance. Plaintiff also alleges that Defendants Marshall and Detty were aware that the conduct report was false. Plaintiff further alleges that when he attempted to appeal his conviction of charges in the conduct report, Defendant Marshall denied his request for an appeal form.

To the extent Plaintiff seeks to assert a due process claims against Defendants premised upon the filing or processing of the conduct report, such claims fail. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff has neither a constitutional right to be free from false accusations nor a liberty interest in an appeal from a conviction of conduct report charges. *Jackson v. Hamlin*, 61 F. A'ppx 131, 132 (6th Cir. 2003) (A "prisoner has no constitutional right to be free from false accusations of misconduct.") (citing

4

*Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *Fields v. Henry Cnty., Tenn*, 701 F.3d 180, 186 (6th Cir. 2012) ("Procedural rights that do not require a particular substantive outcome cannot give rise to protected liberty interests." (internal quotation marks and citation omitted)); *Iacovone v. Wilkinson*, No. 2:03-cv-652, 2007 WL 490160, at *5–6 (dismissing inmate's procedural due process claim premised upon defendant's refusal to recognize a timely appeal of conviction of charges in conduct report, reasoning that "[t]here is simply no inherent constitutional right to an effective prison grievance procedure")

To the extent Plaintiff seeks to assert a retaliation claim against Defendant McAllister on the grounds that the subject conduct report was falsified, such a claim likewise fails given that he was convicted of the charges. *Ruiz v. Bouchard*, 60 F. App'x 572, 574 (6th Cir. 2003) ("[T]o the extent that [the plaintiff] has asserted a pure retaliation claim, [he] still has not stated a claim because he was convicted of the misconduct charges."); *Wilson v. Wellman*, No. 99–2377, 2000 WL 1829265, at *2 (6th Cir. Dec. 6, 2000) ("[P]rison officials' conclusions that [the plaintiff] was guilty of the underlying misconduct charges satisfies defendants' burden of showing that they would have brought the charges against him even if [the plaintiff] had not filed his grievances and complaints.").

## III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's due process and retaliation claims that are premised upon the filing and processing of a conduct report against Defendants McCallister, Marshall, and Detty be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A. It is also **RECOMMENDED** that the Court direct the Clerk to terminate Nurse Gertrude as a Defendant in this action. Finally, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his remaining medical indifference and retaliation claims.

In addition, Plaintiff's Motion to Add Defendants is **GRANTED** pursuant to Federal Rule of Civil Procedure 15(a). (ECF No. 8.) The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  April 9, 2015                                             /s/ *Elizabeth A. Preston Deavers*
                                                                                                   Elizabeth A. Preston Deavers
                                                                                                   United States Magistrate Judge