UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAD JASON HYDE,

    Plaintiff,

    v.

OFFICER JEFF MCALLISTER, *et al.*,

    Defendants.

Civil Action 2:15-cv-176
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Tad Jason Hyde, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against a number employees of Pickaway Correctional Institution ("PCI") and the Ohio Department of Rehabilitation and Correction ("ODRC"), challenging alleged prison policies, asserting medical indifference claims, and seeking monetary and injunctive relief. Plaintiff was incarcerated at PCI when he commenced this action. He was subsequently transferred to West Central Community Correctional Facility ("WCCCF"). As explained below, Plaintiff's intervening transfer rendered his claims for injunctive relief moot. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims for injunctive relief **WITHOUT PREJUDICE AS MOOT**. In addition, in October 2015, Defendants moved for dismissal of Plaintiff's remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29.) Despite seeking and obtaining an extension of time to file a Memorandum in Opposition (ECF Nos. 30 and 31), to date, Plaintiff has failed to respond to Defendants' Motion to Dismiss. Accordingly, Plaintiff is

**ORDERED** to file a notice with the Court **WITHIN FOURTEEN (14) DAYS** indicating whether he intends to prosecute this action.  Plaintiff is advised that failure to timely file a notice could result in dismissal of this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I.

Plaintiff's claims for injunctive relief are premised upon his allegations that four named Defendants implemented a policy at PCI that departs from ODRC regulations and that violates his constitutional rights.  More specifically, he alleges that four Defendants implemented a policy at PCI wherein medications are discontinued for inmates suspected of medication abuse without first assessing the inmates.  Plaintiff alleges that instead, ODRC regulations require implementation of a "crush and immerse" practice when medication abuse is suspected, such that the inmate would still obtain the benefit of his or her prescribed medications.  (Pl.'s Am. Compl. 2, ECF No. 7.)  Plaintiff alleges that Defendants' application of this policy has deprived him of adequate medical treatment and caused him to suffer from significant back and nerve pain.  He asks the Court to enjoin Defendants from continuing this practice.

## II.

The Court properly raises the jurisdictional issue of mootness *sua sponte*.  *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . ." (internal quotations marks and citations omitted)); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

Article III of the United States Constitution limits a federal court's exercise of judicial

power to actual, ongoing "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl. 1.  Article III's case-or-controversy requirement subsists throughout all stages of the litigation.  *U.S. v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.").  The doctrine of mootness is a corollary of Article III's case-or-controversy requirement.  "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction."  15 James Wm. Moore et al, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot.  *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same).  This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief."  *Berger*, 983 F.2d at 724;

*Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931.  This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

### III.

Applying the foregoing principles to the instant case, the Undersigned concludes that Plaintiff's claims for injunctive relief are moot.  Plaintiff challenges a policy that he alleges four of the named Defendants have implemented at PCI, the institution where he was *formerly* incarcerated.  Thus, the Court's entry of equitable relief in Plaintiff's favor would have no effect on Defendants' behavior toward him because Defendants perform their duties at an institution where Plaintiff is not incarcerated.  Put another way, an entry of equitable relief would accomplish nothing.  This Court does not have jurisdiction to accord Plaintiff with prospective relief that has no effect or impact on Defendants.  In addition, because Plaintiff's claims for injunctive relief are PCI-specific and because there is no reasonable expectation that he will be transferred back to PCI or that he will be subjected to the same action again at WCCCF, the capable-of-repetition exception to the mootness doctrine does not apply.  It is therefore **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's

claims for injunctive relief.

## IV.

In sum, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's claims for injunctive relief.  In addition, Plaintiff is **ORDERED** to file a notice with the Court **WITHIN FOURTEEN (14) DAYS** indicating whether he intends to prosecute the remaining claims in this action.  Plaintiff is advised that failure to timely file a notice could result in dismissal of this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**DATE: March 21, 2016**         */s/  Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **UNITED STATES MAGISTRATE JUDGE**