IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TAD JASON HYDE,**

    **Plaintiff,**

                                                     **Civil Action 2:15-cv-176**
    **v.**                                                 **Judge Michael H. Watson**
                                                   **Magistrate Judge Elizabeth P. Deavers**

**OFFICER JEFF MCALLISTER,** *et al.,*

    **Defendants.**

### REPORT AND RECOMMENDATION

On March 21, 2016, the Undersigned issued an Order and Report and Recommendation recommending dismissal of Plaintiff's injunctive relief claims without prejudice as moot and ordering Plaintiff to file a notice with the Court within fourteen days indicating whether he intends to prosecute the remaining claims in this action. (ECF No. 33.) For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On October 5, 2015, Defendants moved for dismissal of this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.) Despite seeking and obtaining an extension of time to file a memorandum in opposition to Defendants' Motion to Dismiss, Plaintiff failed to oppose Defendants' Motion. (ECF Nos. 30 and 31.)

Because Plaintiff had transferred institutions, the Undersigned issued an Order and Report and Recommendation on March 21, 2016, recommending dismissal of Plaintiff's

injunctive relief claims without prejudice as moot.  (ECF No. 33.)  The Court also ordered Plaintiff to file a notice with the Court within fourteen days indicating whether he intended to prosecute the remaining claims in this action.  The Undersigned explicitly cautioned Plaintiff as follows: "Plaintiff is advised that failure to timely file a notice could result in dismissal of this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (*Id*. at 5.)  To date, Plaintiff has not filed a notice as directed.

The Court did, however, receive a returned envelope reflecting that the March 21, 2016 Order and Report and Recommendation had been returned as undeliverable.  (ECF No. 34.)  An offender search on the Ohio Department of Rehabilitation and Correction's ("ODRC") website, reveals that Plaintiff has been released from prison to community supervision.  ODRC Offender Search Detail, www.drc.ohio.gov/offendersearch/ details.aspx?id=A679882.  Plaintiff has not updated his address with the Court, and his present address is not listed on the ODRC website.

**II.**

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and

avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to file a memorandum in opposition to the Defendants' Motion to Dismiss and subsequently failed to comply with the Court's Order that he file a notice indicating whether he intended to pursue the remaining claims in this action. The Court's March 21, 2016 Order and Report and Recommendation provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute should he fail to timely file the ordered notice. The Court supplied him with a reasonable period of time to comply. Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** under Rule 41(b).

The Court notes that Plaintiff's failure to receive filings in the instant action because he failed to update his address with the Court does not excuse his noncompliance with Court orders.

Plaintiff has an affirmative duty to notify the Court of any change in address.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

### III.

In sum, for the reasons set forth above, it is **RECOMMENDED** that this Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Rule 41(b).

### IV.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  April 11, 2016                                           /s/ *Elizabeth A. Preston Deavers*
                                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                                   UNITED STATES MAGISTRATE JUDGE